### In re BOGART'S WILL.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. WILLS—PROBATE—CONTEST—COSTS.

In a will contest, where the contest as to the factum of the will was withdrawn, and the controversy turned upon the correct construction of the will, the surrogate was authorized to allow costs to the unsuccessful party, under Code Civ. Proc. § 2561, providing that, where there is no trial by jury, the surrogate may allow costs, within certain limits, at his discretion.

2. SAME—RESETTLEMENT.

Where a party to a contest of a will did not oppose the awarding of costs to contestants in the surrogate's court, and such award was affirmed on appeal from the surrogate's order, his motion for resettlement of costs should be denied, though the contestants failed on appeal to the appellate division.

Application to resettle an order entered on appeal from a surrogate's decree awarding costs to the contestants. Denied.

For former opinion, see 60 N. Y. Supp. 496.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

E. T. Payne, for the motion.
Henry A. Monfort, opposed.

PER CURIAM. The contestants were successful before the surrogate in obtaining a construction of the will favorable to their

interests, and therefore the prohibition in section 2558 of the Code of Civil Procedure against awarding costs to the unsuccessful contestant of a will did not apply to them. At the time when the proceeding was submitted to the surrogate for decision, however, the contest as to the factum of the will had practically been withdrawn, and the contestants offered no testimony on that subject. The controversy really turned upon the correct construction of the will, and, in this view, the surrogate was authorized to allow costs, under section 2561 of the Code of Civil Procedure.

It is argued, however, that the award of costs, even if proper when made, should now be stricken from the decree, inasmuch as the contestants have failed upon their appeal to this court, and, furthermore, that in any event the amount awarded is in excess of that prescribed by section 2561 of the Code. It appears, however, that this allowance to the contestants was really not opposed in the surrogate's court by the counsel for the present moving party, school district No. 4 in the town of Hempstead. Indeed, that litigant procured the decree to be amended so as to obtain an award of costs which had not been allowed it in the original decree, without signifying any objection to the allowance to the contestants, either in respect to the power of the surrogate to make it, the propriety of making it, or the amount thereof. In view of all the circumstances in this proceeding, we are satisfied that the school district must be deemed to have been virtually a consenting party to that portion of the decree which awarded costs to the contestants, and for this reason the award made by the surrogate should remain undisturbed.

Motion for resettlement denied.